KELLY, Appellant, v. GREENWICH SAV. BANK, Respondent, et al. (Supreme Court, Appellate Division, First Department. January 8, 1904.) Action by Anna C. Kelly against the Greenwich Savings Bank, interpleaded with Thomas O'Brien, as administrator. J. R. Fancher, for appellant. P. Tillinghast, for respondent. No opinion. Judgment affirmed, with costs.

---

KENYON, Appellant, v. BARBER et al., Respondents. (Supreme Court, Appellate Division, Second Department. December 30, 1903.) Action by Ralph B. Kenyon against Harry G. Barber and others. From a judgment for defendants, plaintiff appeals. Affirmed. Artemas B. Smith, for appellant. J. Woolsey Shepard, for respondent Barber. Clifton P. Williamson, for respondent Lehigh Valley Coal Company. Llewellyn A. Wray, for respondents Frederic A. Potts & Co. Louis E. Kuster, for respondant Lawyers' Surety Company. Walter H. Dodd, for respondent Chambers. George Brush, for respondent Forker.

PER CURIAM. This is an appeal by the plaintiff. He is a stenographer, and sues to recover for his services on a reference. His story is that he was called in by the referee, and brought to the room where there was a number of counsel, to make his own terms. At that time some one of the counsel talked to him about terms, etc., and they said they "would get along with one copy." He did the work, tried to collect his bill from a fund which was inadequate, and now brings an omnibus suit. There are several briefs which should be read, inasmuch as the respondents rely upon different grounds. As to some of them, the judgment is plainly right on every ground. As to others, it is not so clearly right; but we think it must be sustained, as we think it is really a question of fact. The theory of the plaintiff is that where some one of the divers attorneys carried on the negotiations, and the others sat by, and the reference thereafter proceeded, all are liable. But some of the defendants, or their attorneys, were not present, or it is not proved that they were; and there are so many different ones that it is hard to differentiate and to ascertain from the facts who carried on the negotiations, or who were present. So far as the benefit is concerned, non constat but those not present at the first session (if there were such a conversation) supposed that payment was to come from the fund. It is not such a case as would be presented if there were one defendant whose counsel had made a request and received a benefit. We do not think that the judgment should be reversed on the facts, and so advise affirmance, with costs.

---

KING, Respondent, v. VILLAGE OF FT. ANN, Appellant. (Supreme Court, Appellate Division, Third Department. January 6, 1904.) Action by Isaac G. King against the village of Ft. Ann.

PER CURIAM. Judgment and order affirmed, with costs.

CHASE and HOUGHTON, JJ., dissent.

---

KIRBY, Appellant, v. KIRBY, Respondent. (Supreme Court, Appellate Division, Fourth Department. January 19, 1904.) Action by Estella D. Kirby against Charles W. Kirby. No opinion. Judgment and order affirmed, with costs.

---

LA BRANCHE, Appellant, v. SYRACUSE RAPID TRANSIT RY. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. December 9, 1903.) Action by Hannah La Branche against the Syracuse Rapid Transit Railway Company. No opinion. Judgment and order affirmed, with costs.

---

LACELL, Appellant, v. TRAVELERS' INS. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. January 5, 1904.) Action by Samuel P. Lacell against the Travelers' Insurance Company. No opinion. Order affirmed, with costs.

---

LAJOTTE, Appellant, v. FREEMAN, Respondent. (Supreme Court, Appellate Term. January 7, 1904.) Action by Charles Lajotte against Albert Freeman. From a judgment dismissing the complaint, plaintiff appeals. Affirmed. H. A. Vien, for appellant. R. H. Ludlow, for respondent.

PER CURIAM. At the trial a verdict was directed for the plaintiff, subject to the decision of defendant motion to dismiss the complaint. This motion was subsequently granted, and the verdict set aside. Upon an examination of the case we are of the opinion that the complaint was properly dismissed, for the reason assigned therefor by the trial judge. The judgment should be affirmed, with costs.

---

In re LAMB. (Supreme Court, Appellate Division, First Department. December 15, 1903.) In the matter of George A. Lamb. No opinion. Reference ordered.

---

LANGLEY v. McKERNON. (Supreme Court, Appellate Division, First Department. December 18, 1903.) Action by John Langley against James F. McKernon. No opinion. Motion denied, upon payment of $10 costs, and, upon payment of an additional $10, leave given to apply to the court below to open default.

---

LEESON v. CITY OF NEW YORK. (Supreme Court, Appellate Division, First Department. December 18, 1903.) Action by William G. Leeson against the city of New York. No opinion. Motion granted, with $10 costs.

---

LEFKOWITZ, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. December 24, 1903.) Action by Max Lefkowitz against the Metropolitan Street Railway Company. C. F. Brown, for appellant. V. P. Donihee, for respondent. No opinion. Judgment and order affirmed, with costs.

---

LE PROVOST v. RAU et al. (Supreme Court, Appellate Division, First Department.